UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA MELNICK,

Plaintiff,

-against-

LORD GOD,

Defendant.

26-CV-6951 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Elena Melnick resides in Queens County and is proceeding *pro se*. Although she brings this action using the form for a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, she is not incarcerated and attacks neither the imposition nor the execution of a criminal conviction. She also does not challenge immigration-related custody. The Court therefore construes this application as a non-*habeas* civil action.[1] For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court also may dismiss an action for which filing fees have been paid for failure to state a claim, "so long as the plaintiff is given notice and an

[1] Plaintiff paid the $405.00 in filing fees to commence this civil action.

opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted). The Court is obligated, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are drawn from petition (ECF 1), which the Court has construed as a civil action, and from Plaintiff's affidavit (ECF 3).[2] Plaintiff alleges that she has used the names "Elena Petrovna Barskaya AKA Melnik Elena Petrovna, AKA Conway Elena, AKA Elena P. Barskaya, AKA Elena Petrovna Conway, AKA Elena Petrovna, AKA Elena P. Conway." (ECF 1 at 16.)

Plaintiff does not indicate that she is a pretrial detainee facing criminal charges, a convicted prisoner, or detained on an immigration charge. Instead, Plaintiff states that the "Social Security Administration has legal custody" of her (*id.* at 1), and adds:

> I emerged and see that Jacob office of Israel or Stranger cheated me of my birthright and blessing. Therefore I wish to have right of possession and control over body of trust or Trust RES. And since incorporeal hereditaments (right (interest) Lie in grant, I need recession - regrant. The act of returning to me Title for Trust RES.

(*Id.*)

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation appear as in the complaint unless otherwise noted.

Plaintiff states that she seeks "control over promised property rights and interest associated with it" and that the decision she challenges is "probably" with the "foreig[n] property custodian and individual master file under red certificate number." (*Id.* at 2.)

In response to a question about whether this matter involves immigration proceedings, Plaintiff responds:

> I don't know. But USA and US have conterminous jurisdictions so if my property is being divided and transferred from IntrAstate (de jure) to inTERstate (de facto) for profit and gain, that is commercial sex traffick, where commercial = for profit sex (Webster 1828) = to devide traffick = transfer.

(*Id.* at 5.)

In her request for relief, Plaintiff asks the Court to "give [Plaintiff her] money and [her] i'sland (that is promised land) . . . ." (*Id.* at 8.)

In the affidavit submitted with her complaint, Plaintiff states: "I'm a registered god in good standing (Psalm 82:6), with foreigne name 'Melnick, Elena' in proper form. . . ." (ECF 4 at 1.) Plaintiff further alleges:

> Since King Charles-III, the issuer of mystery paper many call "money," since he announced worldwide warNing pertaining to climate (and I check three newspapers it wasn't misspelling. All three printed warNing , not warMing); so since King Charles-III warNs us about prevailing conditions /set in human affairs (was it a new offer?).

(*Id.*)

In addition, Plaintiff adds:

> I also approached Social Security Administration (a department of United States Federal Corporation aka "financial agency" or "financial institution" per Statutes at Large) because they per NUMIDENT record have legal custody. And now I reached the age of majority and wish to have right of possession and possession/control over of trust RES.

(*Id.*)

## DISCUSSION

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff's allegations are incoherent, and the "Lord God" is not a cognizable defendant. The Court is unable to identify any legal basis for Plaintiff's claims. *See Denton*, 504 U.S. at 33; *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). Moreover, the relief that Plaintiff requests is nonsensical. (Complaint, ECF 1 at 2 ("I emerged and see that Jacob office of Israel or Stranger cheated me of my birthright and blessing. Therefore I wish to have right of possession and control over body of trust or Trust RES. And since incorporeal hereditaments (right (interest) Lie in grant, I need recession -regrant. The act of returning to me Title for Trust RES."). The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court has the inherent power to dismiss without leave to amend or replead, however, where the claim pleaded is frivolous or where amendment would otherwise be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Because Plaintiff

cannot cure the defects in her complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court directs the Clerk of Court to redesignate this matter on the docket as a non-*habeas* civil action. The Court dismisses this action as frivolous.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated: August 27, 2026
New York, New York

/s/ Kimba M. Wood
KIMBA M. WOOD
United States District Judge